## Hill v. Mayusky (No. 2)

*Daniel W. Kearney* and *Frank J. Rejevich*, for plaintiff.

*Richard H. Klein*, for defendant.

TROUTMAN, J., April 14, 1960.—Defendants, pursuant to the provisions of Pa. R. C. P. 4014, filed and served upon plaintiff a written request for certain admissions by her. The written request contains two different matters for which admissions are sought. Plain-

tiff filed an answer neither admitting nor denying but in substance objecting to defendants' requests.

Rule 4014(a) provides, as follows: "A party may serve upon an adverse party a written request for the admission by him, for the purpose of the pending action only, of the genuineness of any writing, document or record, a copy of which is attached to the request, or incorporated therein by reference as provided by Rule 1019(g), or the truth of any fact relating to its authenticity, correctness, execution, delivery, mailing or receipt."

Subdivision (b) of the rule provides that a matter of which an admission is requested is admitted unless the adverse party within 10 days after service of the request serves upon the requesting party (1) a sworn denial or explanation why he cannot admit or deny the matter, or (2) objections to the relevance or competence of the matter or the scope of the request.

The scope of rule 4014 is limited to documents and to facts connected with documents. Subdivision (a) permits inquiry into the opponent's position respecting the genuineness of the document, of the truth of any fact relating to its authenticity, correctness or execution. These four categories cover various aspects of the same issue, namely: Will the opponent, at the trial, attack the genuineness of the document, dispute the accuracy of its contents or question the validity of its execution? Or in opposite terms, will the opponent concede the document and its contents subject only to possible objections to its relevancy, materiality, competency and general admissibility?

The purpose of this rule is to expedite the trial and to relieve the parties of the cost of proving certain facts which will not be disputed at the trial and the truth of which can be ascertained by reasonable inquiry. The rule is self-sufficient and clearly defines its purpose and limits its effect, and it should be liberally

construed: 5 Anderson, Pennsylvania Civil Practice, p. 589.

Defendants' first request for admission concerns a release dated August 15, 1958, signed by plaintiff, a copy of which is attached to defendants' answer and marked exhibit A. Plaintiff was asked three questions, as follows: (a) Do you admit that said copy is a true and correct copy of the original release? (b) do you admit that you signed said release? (c) do you admit that you delivered said release to Charles E. Hewlett on August 15, 1958? Plaintiff's answer is that she is unable to either admit or deny the matter requested "for the reason that the request involves information which the plaintiff is excused from disclosing."

Plaintiff's answer and objection to this request is based solely upon the provisions of rule 4011(d). In substance, this rule provides that no discovery or inspection shall be permitted which would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial.

We are of the opinion that the limitations imposed by 4011(d) are not applicable to rule 4014(a) for the procedure under this rule is only partly discovery. The inquirer knows the basic facts because he has copies of the documents in his possession or available in the public records. He does not need to call upon the opponent to produce any documents. He does not need to discover any facts. He is in a position to prove everything with respect to the documents if necessary. What the proponent seeks to discover by this procedure is not facts respecting the document, but what position the opponent expects to take at the trial with respect to the document or the facts surrounding it: Goodrich-Amram §4014(a)-1.

All parties in this case know that a release was signed by Pauline A. Hill, plaintiff, on August 15,

1958. Plaintiff has filed in this action her sworn reply to new matter contained in defendants' amended answer. Paragraph 31 of defendants' amended answer alleges that on August 15, 1958, plaintiff executed and delivered to defendants a certain release, a true and correct copy of which is attached as exhibit A to defendants' original answer to the amended complaint. Plaintiff, in her sworn reply to this paragraph, admits under oath that she did, on the date specified, execute a purported release to defendants but then she further avers that at the time of signing she lacked sufficient capacity to comprehend what she was doing. Plaintiff having admitted that she executed this release, defendants are not attempting to discover anything nor to inspect anything and, consequently, rule 4011 has no application whatever.

With respect to the release from plaintiff to defendants, all that defendants are attempting to determine by their present request for admissions is whether plaintiff admits that the copy of the release attached to defendants' amended answer is a true and correct copy of the original, whether she admits she signed it and whether she admits that she delivered it. They are not requesting her to admit the legal effect of the document which will be plainly an issue to be disposed of at the trial of the case. Plaintiff's objection to this request is overruled and she must be directed to answer the same.

Defendants' second request for admission concerns a release dated August 15, 1958, signed Nationwide Ins. Company by Charles E. Hewlett, F.C., in favor of plaintiff, a copy of which it attached to defendants' amended answer and marked exhibit B. Plaintiff was asked three questions, as follows: (a) Do you admit that said copy is a true and correct copy of the original release which is in your possession? (b) do you admit that Charles E. Hewlett signed the original of said

release? (c) do you admit that Mr. Hewlett delivered to you on August 15, 1958, the original of said release? Plaintiff objects to this request and declines to answer the same because: (a) The requests involves information which plaintiff is excused from disclosing; and (b) the information requested is entirely irrelevant to any of the issues in the case.

The first reason assigned by plaintiff in refusing to answer the second request is based upon the limitations imposed in rule 4011 (d), which was the same reason assigned by her in refusing to answer the first request. For the reasons already set forth in this opinion, we find no merit in this objection inasmuch as defendants are not seeking discovery but are seeking certain admissions in respect to the authenticity of the said release, a copy of which is attached to defendants' amended answer. In respect to this purported release, plaintiff was given the original document and defendants have a copy thereof. Consequently, there is no need of discovery, and plaintiff should experience no difficulty in determining whether the copy attached to defendants' amended answer is a true and correct copy.

The second reason assigned by plaintiff in its objection to the second request for admission is that the information requested is entirely irrelevant to any of the issues in the case. Plaintiff contends that this release is only a release from Charles Hewlett to plaintiff. The release is signed Nationwide Ins. Company by Charles E. Hewlett and nowhere has there been any dispute as to the authority of Hewlett to execute and deliver this release on behalf of the insurance company. Whether or not this document is relevant to any of the issues in the case will have to be determined on the trial of the same and the court cannot very well pass upon its relevancy or competency at this time. All that defendants are seeking is whether plaintiff will admit the genuineness, not only of this release, but of the

524

first release as well. This is for the purpose of relieving defendants of the necessity of calling witnesses to prove the formal execution and delivery of these documents and therefore conserve the time of the court.

The legal import of these releases and their competency and relevancy are not waived by requiring answers to these requests. As we have previously pointed out, the purpose of this rule is to expedite the trial and to relieve the parties of the cost of proving certain facts which will not be disputed at the trial and the truth of which can be ascertained by reasonable inquiry. We find no merit in this reason and plaintiff's objections must be overruled.

### Order

And now, to wit, April 4, 1960, plaintiff's objections to defendants' requests for admissions are hereby overruled and the said plaintiff is directed to file an answer in respect to the said request for admissions if they so desire, within a period of 10 days from the date hereof.

Let an exception be noted for plaintiff.